
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ APR 2 1 2005 ★
BROOKLYN OFFICE

ORIGINAL

C/M
D+F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BOLIVAR CARDENAS-ARGUDO,

          Petitioner,

-against-

GLENN S. GOORD, Commissioner,

          Respondent.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

No. 04-CV-2348 (FB)

*Appearances:*
*For the Petitioner:*
BOLIVAR CARDENAS-ARGUDO, *Pro Se*
#98-A-3451
Bare Hill Correctional Facility, Box 338
Caller Box 20, 181 Brand Road
Malone, NY 12953

*For the Respondent:*
ELIOT SPITZER
Attorney General for the State of New York
By:   MICHAEL P. KING
        Assistant Attorney General
120 Broadway
New York, NY 10271

**BLOCK, District Judge:**

     *Pro se* petitioner, Bolivar Cardenas-Argudo ("Cardenas-Argudo"), seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging the New York State Commissioner of Correctional Services' ("Commissioner") denial of jail-time credit for time served in federal custody. The Commissioner moves to dismiss the petition for failure to exhaust state remedies. For the reasons set forth below, Cardenas-Argudo's petition is dismissed.

I.

     In a Memorandum and Order dated March 11, 2005 ("M&O"), the Court

1

noted that the mechanism for challenging a denial of jail-time credit is a petition under Article 78 of the New York Civil Practice Law and Rules; that if an Article 78 petition is denied, the prisoner may appeal to the Appellate Division; and that if such appeal is denied, the prisoner may seek leave to appeal to the New York Court of Appeals. *See* M&O at 3. In his motion, the Commissioner contended that Cardenas-Argudo had not presented his claim in an Article 78 proceeding and, therefore, his *habeas* petition should be dismissed for failure to exhaust state remedies. In response, Cardenas-Argudo submitted certain papers relating to an Article 78 proceeding that he initiated in New York Supreme Court, Westchester County, in February 2000. He did not, however, provide the Court with any information regarding the disposition of that proceeding, including whether it was granted or denied by the New York Supreme Court, whether, if denied, Cardenas-Argudo appealed to the Appellate Division, or whether, if the Appellate Division denied such appeal, he sought leave to appeal to the New York Court of Appeals. Moreover, the record does not reflect whether Cardenas-Argudo presented a federal claim in the Article 78 proceeding.[1]

Noting that, based on this record, it could not determine whether Cardenas-Argudo had exhausted state remedies for his federal claim, the Court directed him to show cause by written affirmation, within thirty days from the date of the M&O, why his petition

---

[1] In its M&O, the Court noted that Cardenas-Argudo's petition failed to articulate the federal right that he claims was violated. Nonetheless, the Court construed his petition liberally as stating a claim for denial of due process. *See* M & O at 2 (citing *Cook v. New York State Div. of Parole*, 321 F.3d 271, 278 (2d Cir. 2003) (treating petition claiming state incarceration beyond that authorized by judgment and sentence as federal due process claim); other citation omitted).

2

should not be dismissed for failure to exhaust state court remedies. *See id.* at 4. Specifically, he was directed to provide the Court with information and documentation regarding the status of his Article 78 petition, including copies of any state court orders relating to that petition. *See id.* The M&O also cautioned Cardenas-Argudo that if he failed to comply within the time allowed, his *habeas* petition would be dismissed. *See id.* at 4-5. Cardenas-Argudo did not file an affirmation or any other response to the M&O.

"[F]ederal habeas relief is not available unless the [petitioner] has exhausted the remedies available in the courts of the State." *Jones v. Keane*, 329 F.3d 290, 294 (2d Cir. 2003) (citing 28 U.S.C. § 2254(b)(1)(A)). The burden of demonstrating exhaustion of state remedies lies with the petitioner. *See Colon v. Johnson*, 19 F. Supp. 2d 112, 119-20 (S.D.N.Y. 1998) (citing *United States ex rel. Cuomo v. Fay*, 257 F.2d 438, 442 (2d Cir.1958); other citations omitted). Here, despite being granted an opportunity by the Court to demonstrate that he has exhausted state court remedies for his claim, Cardenas-Argudo has failed to meet that burden. Accordingly, his petition is dismissed for failure to exhaust state remedies.[2]

---

[2] The Court has considered, but rejects, the alternative of staying this action to permit Cardenas-Argudo an opportunity to exhaust state remedies. While a stay might permit him the opportunity to exhaust his claim without risk that his petition would become time-barred, there is no basis to retain jurisdiction over a petition that apparently contains only unexhausted claims. *See Carpenter v. Reynolds*, 212 F. Supp. 2d 94, 98 (E.D.N.Y. 2002). Moreover, entering a stay in cases such as this would turn federal courts into a "jurisdictional parking lot" for unexhausted claims. *Baity v. McCary*, 2002 WL 31433293, at *2 (S.D.N.Y. Oct. 31, 2002). In any event, the dismissal ordered in this case is without prejudice to Cardenas-Argudo's ability to claim, if appropriate, that any subsequently filed petition is timely as a matter of equity. *See Rodriguez v. Bennett*, 303 F.3d 435, 438-39 (2d Cir.2002) (holding that a *habeas* petitioner may be entitled to claim equitable tolling of the statute of limitations when the petition was dismissed to satisfy the exhaustion requirement); *Hust v. Costello*, 329 F.Supp.2d 377, 380 (E.D.N.Y. 2004) (dismissing *habeas* petition, but expressly noting that petitioner would not be barred from asserting equitable tolling claim on later petition).

## CONCLUSION

The Commissioner's motion to dismiss the petition is granted; the petition is dismissed without prejudice for Cardenas-Argudo's failure to exhaust state remedies. A certificate of appealability will not issue because he has not made a substantial showing of the denial of a federal right. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

                                                      s/Frederic Block
                                                    FREDERIC BLOCK
                                                    United States District Judge

Brooklyn, New York
April 18, 2005